COLLISON v CITY OF SAGINAW

Docket No. 77-3747. Submitted May 9, 1978, at Lansing.—Decided June 20, 1978, Leave to appeal applied for.

Frank R. Collison suffered a back injury when he was thrown from a toboggan slide constructed and maintained in a city park by the City of Saginaw. Mr. Collison and Mary E. Collison, his wife, commenced an action for damages for personal injuries and for loss of consortium and services against the City of Saginaw. Accelerated judgment was granted in favor of the defendant, Saginaw Circuit Court, Eugene Snow Huff, J., on the basis of governmental immunity. Plaintiffs appeal. *Held:*

The operation of the city park was a governmental function subject to immunity from tort liability for negligence. Also, the toboggan run was not a nuisance per se and thus not within a "nuisance per se" exception to the governmental immunity statute, if such an exception does exist.

Affirmed.

1. TORTS—GOVERNMENTAL IMMUNITY—GOVERNMENTAL FUNCTION— CASE-BY-CASE DETERMINATION—STATUTES.

The statute which provides, with certain exceptions, immunity from tort liability for all governmental agencies in the exercise of a "governmental function" does not define governmental function; therefore, the determination of whether a given activity is a governmental function must be made on a case-by-case basis utilizing prior common-law definitions when they apply (MCL 691.1407; MSA 3.996[107]).

2. MUNICIPAL CORPORATIONS—GOVERNMENTAL FUNCTION—RECREATIONAL PARK—TOBOGGAN SLIDE.

The operation of a city recreational park is a governmental

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 16 Am Jur 2d, Constitutional Law § 527.

56 Am Jur 2d, Municipal Corporations, Counties, and other Political Subdivisions §§ 27, 102.

57 Am Jur 2d, Municipal School and State Tort Liability § 27 *et seq.*

59 Am Jur 2d, Parks, Squares, and Playgrounds § 38 *et seq.*

58 Am Jur 2d, Nuisances §§ 12, 13, 55.

[5] 58 Am Jur 2d, Nuisances §§ 12, 13.

function, although particular activities carried on within a recreational park may or may not be governmental functions; the operation of a toboggan slide in a city recreational park was a governmental function where the operation of the toboggan slide was an integral part of the park and was not in competition with privately operated slides, depended on the park for its own existence, and the park and the slide were open to the general public free of charge and thus the general public was benefited without hope of monetary profit for the city.

3. Torts—Governmental Immunity—Statutes.
    Governmental immunity from tort liability is now provided by statute; common-law governmental immunity no longer exists in Michigan (MCL 691.1407; MSA 3.996[107]).

4. Municipal Corporations—City Park—Nuisance Per Se—Governmental Immunity—Exceptions.
    Existence of a nuisance per se within a city park does not by itself create an exception to statutory governmental immunity.

5. Nuisance—Nuisance Per Se—Question of Law.
    The existence of a nuisance per se is a question of law.

*Collison & Chasnis,* for plaintiff.

*W. Vincent Nash,* City Attorney, and *Otto W. Brandt, Jr.,* Assistant Attorney General, for defendant.

Before: Beasley, P. J., and Allen and H. E. Deming,* JJ.

H. E. Deming, J. Plaintiff, Frank Collison, brought this suit against defendant City of Saginaw claiming that on January 22, 1977, he had suffered a back injury as a result of being thrown from a toboggan slide negligently constructed and maintained by defendant within a city park. On September 21, 1977, the circuit court granted accelerated judgment in favor of defendant based on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

governmental immunity. Plaintiffs appeal raising two issues.

Plaintiffs first contend that the operation of this toboggan slide was not a governmental function. With certain exceptions, the governmental immunity statute, MCL 691.1407; MSA 3.996(107), provides immunity from tort liability for all governmental agencies in the exercise of "a governmental function". The statute does not define "governmental function". Therefore, the determination of whether a given activity is a governmental function must be made on a case-by-case basis utilizing prior common-law definitions when they apply. *Thomas v Dep't of State Highways,* 398 Mich 1; 247 NW2d 530 (1976). In Michigan the operation of a recreational park is a governmental function. *Royston v City of Charlotte,* 278 Mich 255, 257–258; 270 NW 288 (1936). Particular activities carried on within a recreational park may or may not be governmental functions. Plaintiffs rely on *Rohrabaugh v Huron-Clinton Metropolitan Authority Corp,* 75 Mich App 677; 256 NW2d 240 (1977), wherein the operation of a roller skating rink within a city park was held not to constitute a governmental function. In *Rohrabaugh,* the skating rink was in competition with private business and an admission fee was charged. Applying the rationale of *Rohrabaugh* to the instant case we find that the operation of the toboggan slide was an integral part of the recreational park which was not shown to be in competition with privately operated slides, and which depended on the existence of the park for its own existence. Therefore, under *Rohrabaugh,* the operation of the toboggan slide in the instant case was a governmental function. We also note that the park and the slide were open to the general public free of charge. Thus the

general public was benefited without hope of monetary profit for the city. This adds further support to our finding a governmental function in the instant case. See *Snow v Freeman,* 55 Mich App 84, 88–89; 222 NW2d 43 (1974), and *Smith v Board of Comm'rs of the Huron-Clinton Metropolitan Authority,* 49 Mich App 280; 212 NW2d 32 (1973).

Plaintiff's second contention is that this toboggan slide was a nuisance per se and thus constituted an exception to governmental immunity and that the trial court erred in "ruling as a matter of law that no genuine issue of material fact existed as to the creation of a nuisance per se". This argument has no merit.

The nuisance per se exception to governmental immunity was a common-law exception to common-law governmental immunity. *Royston, supra,* at 260. Common-law governmental immunity no longer exists in Michigan. *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961). *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976). Governmental immunity is now provided by statute. Several statutory exceptions have been created but none apply in the instant case. Judicially created exceptions also exist. *Buckeye Union Fire Ins. Co v Michigan,* 383 Mich 630; 178 NW2d 476 (1970). No judicially created exceptions to statutory governmental immunity apply in the instant case. Existence of a nuisance per se within the city park does not by itself create an exception to statutory governmental immunity. *Dionne v City of Trenton,* 79 Mich App 239, 242-243; 261 NW2d 273 (1977).

We also note that the existence of a nuisance per se is a question of law. In *Buddy v Dep't of Natural Resources,* 59 Mich App 598, 599–602; 229 NW2d 865 (1975), Judge M. J. KELLY presents an

excellent analysis leading to the conclusion that a toboggan run is not a nuisance per se. Plaintiffs fail to point out any error in the *Buddy* analysis. Therefore, even if there was a "nuisance per se" exception, plaintiffs have shown no error in the instant case.

Affirmed. No costs, a public question being involved.