DAUGHERTY v STATE OF MICHIGAN

Docket No. 24404. Submitted June 15, 1979, at Lansing.—Decided
    August 20, 1979. Leave to appeal applied for.

Vincent Daugherty suffered serious injury when diving from a
    bridge into the Huron River, striking his head on an unknown
    object beneath the surface of the water. The incident occurred
    in the Proud Lake Recreation Area which was operated and
    maintained by the State of Michigan, Department of Natural
    Resources (DNR). Daugherty brought an action against the
    state and the DNR. In his complaint, and an amended com-
    plaint, he alleged that defendants knew or should have known
    of the hazardous and dangerous condition of the bridge; created
    and maintained a nuisance; failed to post warnings or provide
    supervision; failed to shape and maintain a safe riverbed; failed
    to remedy or remove the dangerous condition or raze the
    bridge; placed large boulders around the pilings of the bridge
    and failed to keep the bridge in reasonable repair. Defendants
    moved for summary and/or accelerated judgment on the basis
    of governmental immunity. Accelerated judgment for defen-
    dants, Court of Claims, Leo W. Corkin, J. Plaintiff appeals and
    raises two issues: (1) Is the operation and maintenance of a
    recreational area a governmental function for the purpose of
    sovereign immunity? (2) Was accelerated judgment based on
    governmental immunity improper where plaintiff had alleged
    that defendants created and maintained a nuisance? Held:

    1. Governmental functions for the purpose of governmental
    immunity are limited to those activities which are *sui generis*
    governmental—of essence to governing. Operation of a recrea-
    tional area by a state or state agency is not a special or unique
    activity which can be effectively accomplished only by govern-
    ment. Private recreational areas exist and provide essentially
    the same services. Therefore, the defense of governmental

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 31-
    34, 42, 44.
    59 Am Jur 2d, Parks, Squares, and Playgrounds §§ 38, 40.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 293.
    59 Am Jur 2d, Parks, Squares, and Playgrounds § 44.

immunity from tort liability is not available to the State of Michigan or the DNR.

2. The defense of governmental immunity is no longer a bar to intentionally created nuisances in fact. Defendants concede that plaintiff had pleaded the existence of an intentionally created nuisance in fact and the Court of Appeals finds that plaintiff did sufficiently allege an intentional nuisance. The trial court erred in granting defendants' motion for accelerated judgment based on governmental immunity.

Reversed and remanded.

1. STATES — TORTS — PARKS — GOVERNMENTAL FUNCTION — GOVERNMENTAL IMMUNITY.

The operation of a recreational area by the State of Michigan and its Department of Natural Resources is not an activity which is *sui generis* governmental—of essence to governing; it is not a special or unique activity which can be effectively accomplished only by government because private recreational areas exist and provide essentially the same services; therefore, it is not a governmental function which would make available the defense of governmental immunity from tort liability.

2. TORTS — NUISANCE — GOVERNMENTAL IMMUNITY — INTENTIONAL NUISANCES — JUDGMENT — ACCELERATED JUDGMENT.

The defense of governmental immunity is not a bar to intentionally created nuisances in fact, and where the existence of an intentionally created nuisance is sufficiently pleaded, accelerated judgment based on governmental immunity is improper.

*Kenneth A. Webb,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank J. Pipp* and *Curtis G. Beck,* Assistants Attorney General, for defendant.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

D. E. HOLBROOK, J. Plaintiff appeals as of right from an order of the trial court granting defen-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dants' motion for accelerated judgment on the basis of governmental immunity.

The complaint of plaintiff was filed in the Court of Claims on September 11, 1974, seeking damages for personal injuries sustained by him on July 13, 1973, when diving into the Huron River from a bridge in the Proud Lake Recreation Area, Oakland County, Michigan.

Plaintiff therein alleged that defendants were in control of the operation and maintenance of the "Power Picnic Site", including a bridge over the Huron River, and that the bridge was in a state of disrepair and abandonment. Plaintiff also alleged that defendants knew, or should have known that the public openly and notoriously used the bridge for jumping and diving into the river. He further alleged that on July 13, 1973, he observed others jumping and diving into the river from the bridge, and he proceeded to do likewise, and in the process struck his head on an unknown object hidden beneath the surface of the river. This resulted in the plaintiff's suffering permanent and complete paralysis from the shoulders down, with only minimal use of his arms.

Plaintiff in his complaint alleged also that defendants' knowing or "having basis of belief for knowing" the hazardous and dangerous condition of the bridge, created and maintained a nuisance and breached their duties to the public, including the failure to post warnings; provide supervision; shape and maintain a safe riverbed; remove dangerous conditions; remedy the dangerous condition, when defendants knew or should have known of it; and raze the bridge.

The defendants on September 19, 1974, filed a motion for summary judgment or, in the alternative, accelerated judgment, on the basis of govern-

mental immunity. This motion was heard on March 27, 1975.

Thereafter, on April 3, 1975, plaintiff filed a motion to amend his complaint, with proposed additional allegations that defendants failed to keep the bridge in reasonable repair and in a condition reasonably safe and fit for travel, and that defendants created a nuisance per se and in fact by placing a large number of large boulders around the pilings of the bridge, creating a dangerous and hazardous condition.

The trial judge, on May 2, 1975, filed his opinion holding defendants immune, unless the nuisance complained of constituted a taking of property without just compensation. The trial court also found that the proposed amendments to the complaint would not affect his ruling on the motion.

Plaintiff raises two issues on appeal, *viz:*

I. Is the operation and maintenance of a recreational area a governmental function for the purposes of sovereign immunity?

II. Was accelerated judgment based on governmental immunity improper where plaintiff had alleged that defendants created and maintained a nuisance?

In addressing the first issue we acknowledge that our Michigan courts have traditionally treated the operation of recreational parks as a governmental function. *Royston v Charlotte,* 278 Mich 255; 270 NW 288 (1936), *Penix v St. Johns,* 354 Mich 259; 92 NW2d 332 (1958), *Rohrabaugh v Huron-Clinton Metropolitan Authority Corp,* 75 Mich App 677; 256 NW2d 240 (1977), *Collison v Saginaw,* 84 Mich App 325; 269 NW2d 586 (1978).

However, our Supreme Court has redefined "governmental function" in the two recent cases of

*Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), and *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). In *Parker* the Court held that the operation of a municipal hospital was not a governmental function. Mr. Justice FITZGERALD, with Mr. Chief Justice KAVANAGH and Mr. Justice LEVIN concurring, stated:

"Again, we reject the rigid dichotomy of the past. Because an activity is not proprietary, it does not necessarily follow that the activity is governmental. We would limit the term 'governmental function' to those activities *sui generis* governmental—of essence to governing." 404 Mich 193.

Mr. Justice FITZGERALD rejected the "common good of all" test for defining the term "governmental function". 404 Mich 194. He pointed out that the operation of a hospital is not an activity of a peculiar nature such that the activity can only be done by government. Rather, government participates along the side of private enterprise and charitable and religious organizations in operating hospitals. He additionally noted that the modern hospital is essentially a business and as such there is no rational ground upon which immunity for the government-operated hospital can rest. 404 Mich 195.

Mr. Justice MOODY concurred in a separate opinion. Although not actually adopting the *"sui generis* governmental—of essence to governing test"* his approach to the issue was similar wherein he stated:

"To delineate a complete and balanced definition of governmental function within a simplistic format would be presumptuous. However, as a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, plan-

ning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government. Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this parameter, although performed by a government agency, are not governmental functions and therefore not immune." 404 Mich 200.

In the case of *Perry, supra,* the Supreme Court held that the operation of a *public mental hospital* is a governmental function.[1]

In applying the law as stated in the recent decisions of our Supreme Court as we understand it, it appears that the operation of a recreational area is not "of essence to governing" because it is not an activity which can be done only by government. Private recreational areas do exist and provide essentially the same services. Also under the analysis stated by Mr. Justice MOODY, in *Parker,* the instant case does not present a situation where the purpose, planning, carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by government. In addition, liability would not be an unacceptable interference with the government's obligation to govern.

Applying the principles laid down in *Parker,* we rule that the operation of the recreational area in question was not a governmental function. Therefore, defendants would not enjoy governmental immunity.

In fairness to the trial judge we point out that in 1975 when this matter was decided he did not have the benefit of the recent rulings laid down by our Supreme Court in 1978, in *Parker* and *Perry.*

We now turn to the second issue posed by plain-

---

[1] See the three opinions written in the case.

tiff: was accelerated judgment based on governmental immunity improper where plaintiff alleged defendant created and maintained a nuisance?

The trial court decided the instant motion on the authority of *Buddy v Dep't of Natural Resources,* 59 Mich App 598; 229 NW2d 865 (1975). However, in light of *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and the companion case of *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), the *Buddy* decision no longer remains the law in Michigan. Briefly stated, *Rosario* and *Gerzeski* hold that the defense of governmental immunity is no longer a bar to intentionally created nuisances in fact. However, both *Rosario* and *Gerzeski* split 3-2 as to whether the bar of governmental immunity is inapplicable when the alleged nuisance is not intentionally created. See, *Affiliated FM Insurance Co v Dep't of State Highways & Transportation,* 86 Mich App 203; 272 NW2d 239 (1978).

We rule that the present case is controlled by the principles enunciated. Defendants concede in their brief on appeal that plaintiff had pleaded the existence of an intentionally created nuisance in fact.

In *Rosario, supra,* Mr. Justice Moody set forth the definition of intentional nuisance as follows:

"A second [type of nuisance] includes nuisances which are intentional, using that word as meaning not that a wrong or the existence of a nuisance was intended but that the creator of them intended to bring about the conditions which are in fact found to be a nuisance." 403 Mich 124.

We find that the plaintiff did sufficiently allege an intentional nuisance, both in the original com-

plaint and in the amended complaint. We therefore rule that the present case is controlled by the principles set forth in *Rosario* and *Gerzeski, supra,* and plaintiff has stated a claim in avoidance of governmental immunity.

We again, in fairness to the trial judge, point out that he did not have the benefit of our Supreme Court's decision in the *Rosario* and *Gerzeski* cases.

Reversed and remanded for further proceedings consonant with this opinion.

Costs to plaintiff.