DAUGHERTY v STATE OF MICHIGAN (AFTER SECOND
REMAND)

Docket No. 89348. Submitted February 10, 1987, at Lansing. Decided
October 19, 1987. Leave to appeal applied for.

Vincent Daugherty was injured when he dove from a bridge in
Proud Lake Recreation Area into the Huron River. In September, 1974, Daugherty commenced an action in the Court of
Claims against the State of Michigan, Department of Natural
Resources, operator of the recreation area. The Court of Claims
granted defendant's motion for accelerated judgment on the
basis of governmental immunity. Plaintiff appealed, and the
Court of Appeals reversed. 91 Mich App 658 (1979). On remand
plaintiff secured a default judgment on the basis of the defendant's failure to defend in a timely manner following remand.
Defendant appealed, and the Court of Appeals reversed. 133
Mich App 593 (1984). Vincent Daugherty died, and Martin
Daugherty, personal representative of the estate of Vincent
Daugherty, was substituted as party plaintiff. Defendant then
learned that prior to his death Vincent Daugherty had recorded on two tapes his responses to interrogatories which
defendant had posed. Present plaintiff admitted to the existence
of the two tapes and to a summary he had prepared from one
of the tapes. Defendant sought and on October 2, 1985, secured
from the Court of Claims, Thomas L. Brown, J., an order
requiring plaintiff to deliver the tape recordings and the summary to the court for an in camera inspection within twenty-one days. On October 25, 1985, defendant moved for dismissal
of the case by reason of plaintiff's failure to comply with the
discovery order. A hearing on the motion was scheduled for
November 6, 1985. On the morning of the hearing, one of
plaintiff's co-counsel called defendant's counsel, indicated that
he was sick and asked defendant's counsel to agree to an
adjournment. Defendant's counsel would not agree to an ad-

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 391, 392, 420 et seq.

Am Jur 2d, Judgments §§ 1152 et seq.

Dismissal of state court action for failure or refusal of plaintiff to
obey request or order for production of documents or other
objects. 27 ALR4th 61.

journment. Neither of plaintiff's co-counsel appeared at the hearing nor was any written response to defendant's motion filed with the court. The court entered an order dismissing the case for failure to comply with the discovery order and denied plaintiff's motion for reconsideration, even though the motion was accompanied by the assertion that the tapes had been lost but that the summary would be supplied to the court. Plaintiff appealed.

The Court of Appeals *held:*

1. The decision of a trial court to enter a default judgment for failure to comply with an order compelling discovery will not be set aside absent a clear showing of an abuse of discretion. However, dismissal is not favored and should not be granted where the noncomplying party's disobedience is not wilful. The trial court did not abuse its discretion here, since plaintiff's counsel not only did not comply with the discovery order but also failed to attend the dismissal hearing or arrange for the appearance of co-counsel or an alternative and further failed to assert that the tapes were lost until after the dismissal had been ordered.

2. The question whether the trial court improperly set aside a default against defendant which had been entered on the basis of defense counsel's failure to attend a pretrial conference is not properly preserved for appellate review.

Affirmed.

1. JUDGMENTS — DEFAULT — APPEAL.

The decision of a trial court to enter a default judgment for failure to comply with an order directing discovery shall not be set aside absent a clear showing of an abuse of discretion.

2. DISCOVERY — REMEDIES — DISMISSAL.

Dismissal of an action for failure to comply with an order for discovery is a drastic step which is not favored where short periods of time are involved and where there is not a clear showing that the noncompliance with the court's order was wilful.

*Kenneth A. Webb,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Theodore E. Hughes,* Assistant Attorney General, for defendant.

AFTER SECOND REMAND

Before: Hood, P.J., and MacKenzie and R. M. Pajtas,* JJ.

R. M. Pajtas, J. Plaintiff, personal representative of the estate of Vincent Daugherty, deceased, and brother of the decedent, appeals as of right from an order of the Court of Claims which dismissed plaintiff's action for failure to comply with an order of discovery. On appeal, plaintiff argues that the trial judge abused his discretion in granting defendant's motion to dismiss. We disagree and affirm.

This case has been before this Court on two prior occasions. In *Daugherty v Michigan,* 91 Mich App 658; 283 NW2d 825 (1979), this Court reversed an accelerated judgment which had been granted by the lower court in defendant's favor on the basis of governmental immunity. In *Daugherty v Michigan (After Remand),* 133 Mich App 593; 350 NW2d 291 (1984), this Court reversed an order which denied defendant's motion to set aside a default judgment. The Court of Claims had entered a default judgment when defendant did not defend the lawsuit in a timely fashion, i.e., within twenty days following the Supreme Court's denial of defendant's application for leave to appeal from this Court's decision in *Daugherty, supra,* 91 Mich App 658.

Vincent Daugherty was injured on July 13, 1973, when he dove from a bridge into shallow waters of the Huron River, located near a picnic area within defendant's Proud Lake Recreation Area. He struck his head on an unknown object on the river bottom and suffered paralysis from the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

neck down. According to the park ranger who
rendered first aid, plaintiff appeared intoxicated. A
warning sign on the bridge stated: "Absolutely no
jumping or diving from bridge." Plaintiff's com-
plaint was filed in the Court of Claims on Septem-
ber 11, 1974.

In August, 1985, plaintiff was deposed. The dece-
dent had died prior to plaintiff's deposition. The
record does not indicate when decedent died or the
cause of his death. In his deposition, plaintiff
verified the existence of two cassette tapes contain-
ing the decedent's responses to defendant's inter-
rogatories concerning the diving accident and the
extent of decedent's injuries. Plaintiff also admit-
ted that he had prepared a handwritten summary
of one of the cassette tapes.

Following the deposition, defendant immediately
filed a motion seeking to compel production of the
cassette tapes and the summary. Defendant also
sought to compel answers to interrogatories that
had previously been served on plaintiff. The Court
of Claims judge entered an order requiring plain-
tiff to deliver the cassette tapes and the summary
to the court for an in camera inspection and
requiring plaintiff to answer the interrogatories.
The order required plaintiff to comply within
twenty-one days of the date of the order.

When plaintiff failed to comply with the order,
defendant moved for dismissal. A hearing date was
set. On the morning the hearing was to occur,
plaintiff's counsel telephoned defense counsel and
the court, claiming he was sick and seeking a
thirty-day adjournment. Defense counsel refused to
agree to the request for an adjournment. Neither
plaintiff's counsel nor his co-counsel appeared at
the hearing on the motion to dismiss. Nor did
plaintiff file a written response to defendant's
motion. As a consequence, the judge entered an

order dismissing the case. He subsequently denied plaintiff's motion for reconsideration.

In his motion for reconsideration, plaintiff's counsel stated for the first time that the two cassette tapes had been lost. Apparently plaintiff lost one cassette tape and the other cassette tape was lost in the mail when it was forwarded to plaintiff's counsel. Counsel stated that he was in possession of the summary, and he offered to provide it to the court for an in camera inspection.

The decision of a trial court to enter a default judgment for failure to comply with an order directing discovery shall not be set aside absent a clear showing of an abuse of discretion. *Meyer v Walker Land Reclamation, Inc,* 103 Mich App 526; 302 NW2d 906 (1981); *Philips Industries, Inc v Smith,* 90 Mich App 237; 282 NW2d 788 (1979).

MCR 2.313 states:

> (B) Failure To Comply With Order.
>
> * * *
>
> (2) Sanctions by Court in Which Action is Pending. If a party . . . fails to obey an order to provide or permit discovery, including an order entered under subrule (A) of this rule [motion for order compelling discovery] or under MCR 2.311, the court in which the action is pending may order such sanctions as are just, including, but not limited to the following:
>
> * * *
>
> (c) an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party.

The authority of a trial judge to take the drastic step of dismissal of a plaintiff's complaint is clear. However, our Supreme Court has stated that such

a measure should be exercised cautiously. Dismissal is not favored where a relatively short period elapses between a party's failure to do something and the motion to dismiss and where there is an ambiguous showing of wilfulness on the part of the noncomplying party. *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474; 270 NW2d 101 (1978). In *Jack's Factory Outlet v Pontiac State Bank,* 95 Mich App 174; 290 NW2d 114 (1980), this Court stated that the disobedience must be wilful, but that such "wilfulness" does not require proof of wrongful intent.

The Court of Claims judge did not abuse his discretion in dismissing plaintiff's action. Plaintiff not only failed to comply with any part of the judge's order, he also failed to attend the hearing on defendant's motion for dismissal and failed to file a written response to defendant's motion. If counsel was ill, as he contends, he should have arranged for the appearance of co-counsel or alternative counsel. Further, we note that plaintiff now claims that the cassette tapes are lost. That fact could have been communicated to defense counsel and the court within the twenty-one-day period provided for in the discovery order, but was not. For these reasons, and in view of the fact that the case is now thirteen years old, we conclude that the Court of Claims judge did not abuse his discretion in dismissing plaintiff's action.

Plaintiff also challenges a previous ruling of the Court of Claims judge, setting aside a default judgment entered for defendant's failure to attend a pretrial conference. That issue was not preserved for appellate review. Moreover, we conclude that the judge properly set aside the default judgment because he found that defendant had presented good cause and a meritorious defense. MCR 2.603.

Affirmed.