CRONIN v CITY OF HAZEL PARK

Docket No. 77-2362. Submitted October 11, 1978, at Lansing.—Decided February 6, 1979.

Plaintiff Mary K. Cronin was injured while participating in a roller skating activity conducted by the Hazel Park Recreation Department at the community center when she collided with another skater. She and her husband, James M. Cronin, sued the city alleging negligent supervision. The Oakland Circuit Court, Robert B. Webster, J., dismissed plaintiffs' suit, ruling that the defendant was protected by governmental immunity. Plaintiffs appeal. *Held:*

The operation of a roller skating program by the recreation department of a municipal corporation is not of essence to governing and the municipal corporation is not immune from tort liability for injuries resulting therefrom.

Reversed and remanded.

MUNICIPAL CORPORATIONS — TORTS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The operation of a roller skating program by the recreation department of a municipal corporation is not of essence to governing and the municipal corporation is not immune from tort liability for injuries resulting therefrom.

*Pianin, Graber & Paull, P.C.,* for plaintiffs.

*George A. Hilborn* (by *Paul Abbo),* for defendant.

Before: DANHOF, C.J., and BASHARA and CYNAR, JJ.

PER CURIAM. Coplaintiff Mary Cronin was injured while participating in a roller skating activ-

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27.
Municipal immunity from liability for Torts. 60 ALR2d 1198.

ity conducted by the defendant's recreation department at a community center building in Hazel Park. The injury allegedly occurred when another skater collided with Mrs. Cronin. Plaintiffs claim that negligent supervision of the event caused that collision and resultant injury. By motion for accelerated judgment, under GCR 1963, 116.1, defendant claimed governmental immunity. Upon grant of that motion the trial court dismissed the suit. Plaintiffs appeal as of right.

Since the common law doctrine of governmental immunity has been abrogated in this state, *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976), defendant's claim is controlled by the governmental immunity act of 1964, MCL 691.1401-691.1415; MSA 3.996(101)-3.996(115). *Thomas v Department of State Highways,* 398 Mich 1; 247 NW2d 530 (1976).

The basic provision of the governmental immunity act is § 7. It provides that "all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function". MCL 691.1407; MSA 3.996(107).

Until the most recent Supreme Court decisions on the topic the term "governmental function" has been defined by reference to the common law as it stood at the time of the statute's enactment. *Thomas v Department of State Highways, supra.* In *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), the Court changed its approach. Four Justices, FITZGERALD, KAVANAGH, LEVIN and MOODY, agreed that the term "governmental function" was subject to judicial refinement.

Exercising that newly pronounced power of refinement, Justices FITZGERALD, KAVANAGH, LEVIN and MOODY seem to agree that the basic guideline

for determining whether a particular function is governmental is whether it is "of essence to governing". There is a three to one split among those four justices, however, as to the scope of governmental essence.

Thus, in *Parker* all four agreed that the day-to-day operation of a general hospital is not governmental. Whereas, in *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NE2d 421 (1978), they disagreed whether the operation of a mental hospital is governmental. Justice MOODY found that it is governmental. Justices FITZGERALD, KAVANAGH and LEVIN found it to be nongovernmental.

As described by Justice MOODY, the basic line of distinction between his approach and that of Justices FITZGERALD, KAVANAGH and LEVIN is that he believes some operational activities of government and some activities which have common analogies in the private sector may be deemed essential to governing. *Parker v City of Highland Park,* 404 Mich 183, 200. The latter three justices apparently would hold that all such activity is nongovernmental. See *Thomas v Department of State Highways, supra,* pp 21-25.

In determining that the operation of a general hospital is nongovernmental, Justice MOODY found five factors to be relevant. First, the number of private general hospitals is far greater than the number of governmental hospitals in this state. Second, the fiscal involvement of the state in the operation of such hospitals is significantly displaced by private payment. Third, government has little direct responsibility for placing patients in public general hospitals. Fourth, the day-to-day care afforded to the substantial majority of patients in general hospitals is not of a uniquely governmental character or precipitated by governmental mandate. Fifth, holding cities liable for

negligent operation of general hospitals would not be an unacceptable interference with their ability to govern. The operation of a state mental hospital he distinguished on the grounds that government plays a pervasive role in the area of mental health, appropriating substantial state funds to that field and declaring as a public policy the care and treatment of mentally disabled persons. Also, he reasoned that the number of private mental hospitals available to the judiciary to deal with the institutional needs of the public is inadequate. Finally he found that the day-to-day care by an attendant, physician, or other employee on the staff of a mental hospital represents a uniquely governmental function. Justice MOODY noted that the line of demarcation between general hospitals and mental hospitals was imperfect but just, within the confines of the present statute.

Following *Parker,* we hold that the operation of a roller skating program by a municipal corporation is not of essence to governing. We conclude that such activity is nongovernmental even under Justice MOODY's broader statement of the governmental essence test.

Since the function at issue in this case is not governmental, there is no need to determine whether the activity specifically complained of was an exercise or discharge of that function. See *Duncan v Detroit,* 78 Mich App 632, 634; 261 NW2d 26 (1977), citing *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976) (WILLIAMS, J.). Neither must we consider whether any of the statutory exceptions to governmental function immunity is applicable. See MCL 691.1402, 691.1405, 691.1406; MSA 3.996(102), 3.996(105), 3.996(106).

Reversed and remanded. No costs, a public question.