FELICIANO v DEPARTMENT OF NATURAL RESOURCES

Docket No. 46007. Submitted February 15, 1980, at Lansing.—Decided April 23, 1980.

Elizabeth Feliciano, age 15, while wading in shallow water in Silver Lake in the Pinckney State Recreation Area, stepped into a dropoff and drowned. The Pinckney State Recreation Area is under the jurisdiction, control and supervision of the state Department of Natural Resources (DNR). Elizabeth's administratrix, Carmen Feliciano, filed a complaint in the Court of Claims alleging decedent's death was the result of the direct and proximate negligence of the state, the DNR and lifeguards Jill Irvine, Jeffrey Eder and Gregory Osborne, who were all joined as defendants. The complaint averred that Silver Lake and its environs were under control of the DNR and alleged seven specific acts of negligence. The complaint made no reference to or averment that the defendants' conduct was in the performance of a proprietary function. Defendants moved for summary judgment on the ground that the complaint failed to set forth a factual basis constituting one of the recognized exceptions to defendants' sovereign immunity from tort liability. The Court of Claims, Ray C. Hotchkiss, J., granted the motion and entered an order stating that plaintiff's complaint failed to state a claim upon which relief could be granted. Plaintiff appeals. On appeal, defendants ask for affirmance of the trial court decision for the reasons that: (1) the operation of a recreational area as part of a state park system is a governmental function and thus clothed with governmental immunity, (2) failure of the complaint to plead facts in avoidance of immunity, and (3) that the three individual persons named as

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 156-160.

59 Am Jur 2d, Parks, Squares, and Playgrounds §§ 38-46.

Municipal operation of bathing beach or swimming pool as municipal or proprietary function, for purposes of tort liability. 55 ALR2d 1434.

[3] 20 Am Jur 2d, Courts §§ 21, 33, 87-106.

defendants may not be sued individually in the Court of Claims. *Held:*

1. The operation and supervision of a bathing and swimming beach in a state recreation area by the DNR is a nongovernmental function and the defense of sovereign immunity from tort liability is inapplicable.

2. The complaint alleged facts which, if proved, disclosed that the DNR activity was not in the exercise of a governmental function and therefore not immune from tort liability. This is sufficient to state a claim for which relief can be granted.

3. Jurisdiction of the Court of Claims is generally confined to claims against state officers for those acts performed in official capacities. The three lifeguard employees of the DNR were not state officers according to traditional agency theory and for this reason were not properly joined as defendants. If the issue is raised on remand they should be dismissed from the action.

Reversed and remanded.

1. STATES — TORTS — PARKS — BEACHES — GOVERNMENTAL FUNCTION — GOVERNMENTAL IMMUNITY.

The operation and supervision of a bathing and swimming beach in a state recreation area by the Department of Natural Resources is a nongovernmental function and the defense of sovereign immunity from tort liability is inapplicable; the operation of a supervised swimming beach where bath houses are provided for changing clothes and ropes and markers are set out to designate the area for swimming is not of the essence of governing but is a function commonly and effectively performed by private enterprise.

2. States — Torts — Parks — Beaches — Governmental Function — Governmental Immunity — Pleading — Complaint — Statement of Claim.

A complaint states a claim for which relief can be granted in an action against the Department of Natural Resources alleging negligence in the operation of a swimming beach in a state recreation area where it pleads facts which, if proved, disclose that the activity of the state agency was not in the exercise of a governmental function and therefore not immune from tort liability.

3. COURTS — COURT OF CLAIMS — JURISDICTION — STATE OFFICERS.

The Court of Claims is a court of legislative creation with explicit and limited powers; it has jurisdiction over claims against state officers for those acts performed in official capacities.

*James F. Finn, P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank J. Pipp* and *Sterling W. Schrock,* Assistants Attorney General, for defendants.

Before: J. H. GILLIS, P.J., and ALLEN and M. J. KELLY, JJ.

ALLEN, J. While wading in the shallow water of Silver Lake in the Pinckney State Recreation Area on July 19, 1978, Elizabeth Feliciano, age 15, stepped into a drop-off and drowned. The Pinckney State Recreation Area is under the jurisdiction, control and supervision of the Department of Natural Resources of the State of Michigan. On December 1, 1978, complaint was filed in the Court of Claims alleging that decedent's death was "the direct and proximate result of the negligence of the defendants, their agents, servants, employees or persons otherwise under their supervision". Paragraph six of the complaint proceeded to set forth seven specific acts of negligence.[1] Except for averring that Silver Lake and its environs were under the control of the Department of Natural Resources and averring seven specific acts of alleged negligence, the complaint made no reference to or averment that defendants' conduct was in the performance of a proprietary function.

Defendants moved in the Court of Claims for summary judgment under GCR 1963, 117.2(1) on the ground that the complaint failed to set forth a factual basis constituting one of the recognized

---

[1] (A) Allowing the lake to become overcrowded with swimmers; (B) failure to employ sufficient life guards; (C) employing unqualified life guards; (D) failure to employ sufficient other personnel to maintain safety on a large inland lake; (E) failure to administer artificial respiration in a proper manner; (F) failure to instruct and supervise life guards; (G) allowing inexperienced persons to swim in deep water without adequate warning of the dangers and depth of water.

exceptions to defendants' sovereign immunity from tort liability. Following a hearing, the trial judge granted the motion and on June 29, 1979, entered an order stating that plaintiff's complaint failed to state a claim upon which relief could be granted. From that order plaintiff appeals of right.

On appeal, defendants urge this Court to affirm the trial court's order in all of its aspects because: (I) the operation of a recreational area as part of a state park system is a governmental function and thus is clothed with governmental immunity; (II) failure of the complaint to plead facts in avoidance of immunity; and (III) the three individual persons named as defendants may not be sued individually in the Court of Claims.

I

Traditionally the operation of a park system and recreational area was held to be a governmental function clothed with immunity from suit. *Rohrabaugh v Huron-Clinton Metropolitan Authority Corp,* 75 Mich App 677, 681-684; 256 NW2d 240 (1977). But in late 1978, our Supreme Court, in two closely divided opinions, adopted new concepts of governmental immunity. *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). Three Justices advanced an "essence of government standard" under which a function is determined to be governmental and protected by immunity from suit largely by deciding whether the function is a planning function or an operations function. Three Justices opted for a common-law case precedent standard under which a function would be held to be protected by immunity if it were so held to be by common-law case precedent.

One Justice, Justice MOODY, was left with the swing vote. He agreed with the "essence of government" standard, but rejected the planning/operations distinction thereof. He proposed a "can it be *effectively* accomplished only by government" test. The MOODY test would bring more functions of government under the protective umbrella of immunity than would the planning/operations standard. In *Parker, supra,* Justice MOODY joined with Justices FITZGERALD, KAVANAGH and LEVIN to hold that the operation of a municipal hospital was not a governmental function. But in *Perry, supra,* Justice MOODY sided with Justices COLEMAN, RYAN and WILLIAMS to hold that a state-operated mental institution was a governmental function immune from tort liability.[2]

Applied to the factual situation before us, the COLEMAN, RYAN, WILLIAMS common-law test would require a finding of immunity. Conversely, the FITZGERALD, KAVANAGH, LEVIN position would preclude a finding of immunity. What is not clear is the finding commanded by Justice MOODY's position. However, this Court, on facts basically the same as those presented in the instant case, recently held the operation of a recreational area was not a governmental function protected by immunity from suit. *Daugherty v Michigan,* 91 Mich App 658; 283 NW2d 825 (1979). In that case plaintiff sustained personal injuries when he dove off an unguarded bridge into the Huron River in the Proud Lake Recreational Area operated by the Department of Natural Resources. The Court said at 663:

"Private recreational areas do exist and provide es-

---

[2] For a more detailed discussion of *Parker-Perry, supra,* and Justice MOODY's swing position, see *Ross v Consumers Power Co,* 93 Mich App 687; 287 NW2d 319 (1979). See also *Berkowski v Hall,* 91 Mich App 1, 3-4; 282 NW2d 813 (1979).

sentially the same services. Also under the analysis stated by Mr. Justice MOODY, in *Parker,* the instant case does not present a situation where the purpose, planning, carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by government. In addition, liability would not be an unacceptable interference with the government's obligation to govern.

"Applying the principles laid down in *Parker,* we rule that the operation of the recreational area in question was not a governmental function. Therefore, defendants would not enjoy governmental immunity."

Appellees respectfully suggest that *Daugherty* was incorrectly decided and ask that this panel decline to follow that opinion. In support of this request, appellees cite the broad statutory duties of the Department of Natural Resources to acquire, maintain and make available for the use of the public open spaces for park and recreational purposes[3] and to maintain a system for outdoor recreation.[4] In a Brandeis type brief, appellees proceed to lay out the extensive number of state park and recreation areas acquired and under the jurisdiction of the Department of Natural Resources. Attendance during a two-year period at the state park system totaled 44,410,763 persons, including 1,196,536 persons utilizing the Pinckney Recreation Area. Given these facts which disclose the magnitude of the operation, appellees argue that under Justice MOODY's "can it be effectively accomplished" test, only government could effectively operate the Pinckney Recreation Area. Ap-

---

[3] 1919 PA 218, MCL 318.4 *et seq.;* MSA 13.1012 *et seq.* See 1921 PA 17, § 2, as amended, MCL 299.2; MSA 13.2 and 1965 PA 380, § 252, MCL 16.352; MSA 3.29(252), which transferred the functions from the State Park Commission to the Department of Natural Resources.

[4] 1921 PA 17, § 3; MCL 299.3; MSA 13.3.

pellees' argument is persuasive when applied to
the maintenance and operation of a park and
recreational system in general. But it was not the
general activity which was being conducted when
the alleged negligence occurred in the instant case.
Defendants' alleged negligent conduct occurred
during the operation of a supervised swimming
beach area. The operation of a bathing beach
where bath houses are provided for changing
clothes and ropes and markers are set out to
designate the area for swimming is a function
commonly and effectively performed by private
enterprise. The operation of a swimming beach is
no more a governmental function subject to immu-
nity from suit than the operation of a municipal
roller skating rink, concerning which this Court in
*Cronin v Hazel Park,* 88 Mich App 488; 276 NW2d
922 (1979), held:

"* * * we hold that the operation of a roller skating
program by a municipal corporation is not of essence to
governing. We conclude that such activity is nongovern-
mental *even under Justice Moody's broader statement
of the governmental essence test." Id.,* 491. (Emphasis
supplied.)

Similarly, the operation of a swimming area is less
"of the essence of governing" than the operation of
an emergency medical services unit by a munici-
pal fire department—an operation held not to be a
governmental function protected by immunity
from suit. *Berkowski v Hall, supra.*

In summary, to the extent that *Daugherty, su-
pra,* holds that *the entire spectrum* of the Depart-
ment of Natural Resources statutory prescribed
operation of the Pinckney Recreation Area is not a
governmental function, we disagree with *Daugh-*

*erty.*[5] But to the extent that case holds that the conduct and operation of a bathing and swimming area is a nongovernmental function to which the defense of immunity does not apply, we agree with the decision. Our decision in this regard is supported by Professor Cooperrider's frequently cited article, *The Court, the Legislature, and Governmental Tort Liability in Michigan,* 72 Mich L Rev 187, 284-285 (1973):

"On the other hand, the defense also covers injuries causally relatable to conditions of publicly owned premises that, while left open for entry by the public, are not developed for intensive use. This would include areas such as large rustic parks, forest and other lands left substantially in their natural condition, and public waters *other than supervised beach areas.* The private sector offers no analogy here, for no private party is the occupier of premises remotely comparable in extent." (Emphasis supplied.)

## II

The Department of Natural Resources argues that even if this Court determines that the operation of a supervised swimming area is not a governmental function to which the defense of immunity applies, the Court of Claims did not err in granting a summary judgment because plaintiff's complaint only pleaded negligence and did not plead facts in avoidance of immunity as required by *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976). Defendants' interpretation of *McCann* is too narrow. In *Wright v Detroit,* 402

---

[5] The writer notes that he participated in the decision in *Daugherty* but, for the reasons stated in the text, believes the statement of the rule in *Daugherty* was overbroad and unnecessary to a decision in that case.

Mich 861; 261 NW2d 535 (1978), the Supreme Court reversed an accelerated judgment granted in favor of the City of Detroit on grounds that the complaint failed to state a cause of action:

"The complaint states a claim for which relief may be granted because it pleads facts which, if proved, demonstrate that the activity complained of is not activity 'in the exercise or discharge of a governmental function' under MCLA 691.1407; MSA 3.996(107), and, therefore, 'does not fall within the ambit of immunity established by the Legislature in 1970 PA 155.' *McCann v State of Michigan,* 398 Mich 65, 77 (1976)."

In the instant case, the complaint states facts, *viz:* describes activity, which, if proved, is activity not in the exercise of a governmental function.

### III

Our decision on the two issues discussed above compels a reversal of the order granting summary judgment and a remand to the Court of Claims for further proceedings. Though technically not preserved for purposes of appeal and therefore not briefed by plaintiff, the question of whether the individual defendants, Irvine, Eder and Osborne, may be joined as defendants is bound to be raised on remand.

On this question, we think the individual defendants' position is well taken. The Court of Claims is a court of legislative creation. Its statutory powers are explicit and limited. *Taylor v Auditor General,* 360 Mich 146; 103 NW2d 769 (1960). In *Abbott v Secretary of State,* 67 Mich App 344, 348; 240 NW2d 800 (1976), this Court held that the Court of Claims had jurisdiction over claims against state officers for those acts performed in official capacities. As the three lifeguard employees

of the Department of Natural Resources named as
defendants in the present suit are not state offi-
cers, according to traditional agency theory, they
were not properly joined as defendants in this suit.
It would appear that the Court of Claims would
have been justified in granting a motion for sum-
mary judgment dismissing them as defendants,
had a motion been brought before the court on
such grounds.

Reversed and remanded for trial in accordance
with this opinion. No costs, a public question being
involved.