MIDURA v LINCOLN CONSOLIDATED SCHOOLS

Docket No. 52747. Submitted June 10, 1981, at Lansing.—Decided November 30, 1981.

Viola Midura filed a three-count complaint against Lincoln Consolidated Schools in Washtenaw Circuit Court alleging that defendant had denied her procedural due process rights by terminating her employment as a school bus driver. The court, Henry T. Conlin, J., granted defendant's motion for summary judgment for failure to state a claim upon which relief could be granted. Plaintiff then filed a motion for leave to amend her complaint. The motion was denied, the court finding that, although plaintiff's proposed amended complaint stated a cause of action, to allow plaintiff to amend her complaint would increase defendant's potential liability for payment of back wages for an additional five-month period. Plaintiff appeals the denial of her motion to amend. *Held:*

Delay in seeking amendment without a finding of bad faith or prejudice caused by the delay does not justify denial of a motion to amend. Any possible prejudice must stem from the fact that new allegations are offered late rather than in the original pleadings and not from the fact that the opponent may lose his case on the merits if the amendment is allowed.

Reversed and remanded.

1. PLEADING — SUMMARY JUDGMENT — AMENDMENT OF PLEADINGS — COURT RULES.

Entry of a grant of summary judgment in favor of the defendant does not preclude amendment of the plaintiff's complaint;

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 309.
  73 Am Jur 2d, Summary Judgment §§ 29, 39.
[2, 3, 5, 7] 61A Am Jur 2d, Pleading § 312.
[4] 61A Am Jur 2d, Pleading § 315.
  Timeliness of amendments to pleadings made by leave of court under Federal Rule of Civil Procedure 15[a].
  4 ALR Fed 123.
[6] 61A Am Jur 2d, Pleading § 310.

however, amendment must be by leave of the court (GCR 1963, 118.1).

2. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

The court rule governing amendment of pleadings was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result (GCR 1963, 118.1).

3. PLEADING — AMENDMENT OF PLEADINGS — UNDUE DELAY — COURT RULES.

A motion to amend pleadings ordinarily should be granted, and denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment; the leave sought should, as the rule requires, be "freely given" (GCR 1963, 118.1).

4. PLEADING — AMENDMENT OF PLEADINGS — UNDUE DELAY — BAD FAITH.

Mere delay in seeking amendment of pleadings without a finding of bad faith or prejudice caused by the delay does not justify denial of a motion to amend.

5. PLEADING — AMENDMENT OF PLEADINGS — "PREJUDICE" — WORDS AND PHRASES — COURT RULES.

The possible impact of allowance of an amendment to pleadings on the outcome of a case is not the kind of prejudice contemplated in the court rule providing for amendments to pleadings; the word "prejudice" refers to matter which would prevent a party from having a fair trial, or matter which he could not properly contest, *e.g.*, when surprised; the possible prejudice must stem from the fact that the new allegations are offered late rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the amendment is allowed (GCR 1963, 118.1).

6. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

The discretion invested in trial judges under the court rule standard that "leave [to amend pleadings] shall be freely given when justice so requires" is not boundless; this language imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by an amendment to pleadings (GCR 1963, 118.1).

7. Pleading — Amendment of Pleadings.
> The allowance of an amendment to a pleading is not an act of grace, but a right of a litigant who can show that an amendment will not work an injustice on the opposing party.

*Burgoyne & Pratt, P.C.,* for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato),* for defendant.

Before: Danhof, C.J., and M. F. Cavanagh and D. R. Freeman,* JJ.

D. R. Freeman, J. Plaintiff appeals by right from the denial of her motion for leave to amend her complaint. Plaintiff moved to amend her complaint following an order granting defendant's motion for summary judgment for failure to state a claim. GCR 1963, 117.2(1).

On February 22, 1979, plaintiff filed a three-count complaint alleging that defendant had denied her procedural due process rights by terminating her employment as a school bus driver. Defendant moved for summary judgment for failure to state a claim. On April 11, 1979, a hearing was held on this motion. Both parties filed supporting briefs and, on November 26, 1979, the trial court granted defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1). Plaintiff does not challenge the correctness of that decision on appeal. Plaintiff then secured new counsel and moved for a new hearing and for leave to amend her complaint on December 17, 1979. A hearing was held on that motion and plaintiff filed a memorandum in support of her position along with a proposed amended complaint. This proposed amended complaint contained only one count, al-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

leging that in terminating plaintiff's employment defendant violated the terms of a collective-bargaining agreement and denied plaintiff's procedural and substantive due process rights.

Although he found that the amended complaint stated a cause of action, the trial judge denied the motion for leave to amend, stating:

"It is not so determinative in this case that the request for leave to amend the pleadings comes after the final judgment, because the final judgment was granted on a motion for summary dismissal before trial, that is to say, before any significant commitment of resources by the party opposing the motion or by the court. What is determinative is the risk of increased liability for back wages that would be borne by the defendant under plaintiff's claim for pay as if she had not been discharged. If plaintiff prevails, every day of delay before that judgment is another day's wages that defendant will have to pay plaintiff without any work from plaintiff in return. But for plaintiff's refusal to make a timely amendment to the pleadings, defendant could not have been subjected to increased liability of at least five months back wages.

"Pursuant to GCR 117.3 the court finds that the increased potential liability for back wages shows that the proposed amendment is not justified."

We agree with the trial court's holding that entry of a grant of summary judgment does not preclude amendment of the complaint. Plaintiff could amend her pleadings, but only by leave of the court. *Schimmer v Wolverine Ins Co,* 54 Mich App 291, 298; 220 NW2d 772 (1974), 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 415.

The rule governing amendment of pleadings, GCR 1963, 118.1, was designed to facilitate the amendment of pleadings except where prejudice to

the opposing party would result. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). In *Fyke & Sons,* the Court held that denial is justified only "for particularized reasons":

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962)." *Fyke & Sons, supra,* 656.

Delay in seeking amendment, without a finding of bad faith or prejudice caused by the delay, does not justify denial of a motion to amend. *Fyke & Sons, supra,* 663-664. The possible impact of an amendment on the outcome of a case is not the kind of prejudice contemplated by GCR 1963, 118.1. The *Fyke & Sons* Court relied on the Committee Comment accompanying Rule 18 for the following definition of the word "prejudice" in this context:

" 'Prejudice' refers to matter which would prevent a party from having a fair trial, or matter which he could not properly contest, *e.g.,* when surprised. It does not refer to the effect on the result of the trial otherwise." *Fyke & Sons, supra,* 657.

The possible prejudice must stem from the fact that new allegations are offered late rather than in the original pleadings and not from the fact that the opponent may lose his case on the merits if the amendment is allowed. *Fyke & Sons, supra,* 658. The discretion invested in trial judges under the standard "leave shall be freely given when

justice so requires" is not boundless. This language imposes a limitation on the discretion of the court necessitating a finding that justice would not be served by an amendment to pleadings. The allowance of an amendment is not an act of grace, but a right of a litigant who can show that an amendment will not work an injustice on the opposing party. *Fyke & Sons, supra,* 659.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.