GOBERT v CITY OF WYOMING

Docket No. 59971. Submitted November 2, 1982, at Grand Rapids.—
Decided August 1, 1983. Leave to appeal applied for.

Plaintiff, Kenneth Gobert, brought an action in the Kent Circuit
Court seeking damages for an injury sustained in a sledding
accident at a free public park owned and operated by the
defendant, City of Wyoming. At trial, after the presentation of
plaintiff's proofs, defendant moved for summary judgment rely-
ing on the defense of governmental immunity. The trial court,
George R. Cook, J., denied the motion. Thereafter, the jury
returned a special verdict finding that the defendant was
negligent and that such negligence was a proximate cause of
plaintiff's injury. The jury set plaintiff's damages at $70,000.
However, since the jury also found that plaintiff was 85%
negligent, the trial court entered a judgment against the defen-
dant for $10,500. Defendant appeals from that judgment and
contends that the court erred in denying its motion for sum-
mary judgment. *Held:*

1. The defendant's operation of a free public sledding hill was
not an activity entitled to governmental immunity under the
facts presented. The trial court, therefore, properly denied the
motion for summary judgment.

2. Defendant's contention that the jury's verdict finding it
15% negligent was against the great weight of the evidence
was not preserved for appellate review since defendant failed to
move for a new trial before the trial court on that ground.

Affirmed.

R. M. MAHER, J., concurred in the result only.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

Governmental agencies are immune from tort liability, except as
otherwise provided in the act regarding liability for injuries, in
all cases wherein the government agency is engaged in the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27
*et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

exercise or discharge of a governmental function (MCL 691.1407; MSA 3.996[107]).

2. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

In determining whether a specific activity is a governmental function entitled to immunity from tort liability pursuant to the statute pertaining thereto courts must determine whether the governmental agency in question performed that activity in the exercise or discharge of a governmental function (MCL 691.1407; MSA 3.996[107]).

3. TRIAL — WEIGHT OF THE EVIDENCE — APPEAL — PRESERVING QUESTION — MOTION FOR NEW TRIAL.

A claim by a party that the jury's verdict was against the great weight of the evidence is not preserved for appellate review where the party failed to move for a new trial before the trial court on that ground.

*Rominger & DeWitt* (by *Thomas W. DeWitt*), for plaintiff.

*Jack R. Sluiter,* Deputy City Attorney, for defendant.

Before: MACKENZIE, P.J., and R. M. MAHER and C. W. SIMON,* JJ.

MACKENZIE, P.J. Defendant City of Wyoming appeals as of right from a judgment rendered in favor of plaintiff after a jury trial held in Kent County Circuit Court.

On February 12, 1980, plaintiff injured his shoulder in a sledding accident at Pinery Park, which is owned and operated by defendant. At trial, after the presentation of plaintiff's proofs, defendant moved for summary judgment, relying on the defense of governmental immunity. The trial court denied defendant's motion. The jury returned a special verdict finding defendant negligent and that defendant's negligence was a proxi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mate cause of plaintiff's injury. The jury set plaintiff's damages at $70,000. However, the jury also found that plaintiff was 85% negligent, and a judgment for $10,500 was entered.

On appeal, defendant contends that the trial court erred by denying its motion for summary judgment. We must decide, therefore, whether defendant is entitled to such immunity.

MCL 691.1407; MSA 3.996(107) provides in part:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function."

The statute quoted above shows that, rather than determine simply whether the activity is a governmental function, we must determine whether the governmental agency in question performed that activity in the exercise or discharge of a governmental function. See *Duncan v Detroit,* 78 Mich App 632, 634; 261 NW2d 26 (1977); *Cronin v Hazel Park,* 88 Mich App 488, 491; 276 NW2d 922 (1979); *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389, 395; 283 NW2d 749 (1979); *Weaver v Duff Norton Co,* 115 Mich App 286, 292; 320 NW2d 248 (1982). See also *Brand v Hartman,* 122 Mich App 326; 332 NW2d 479 (1983) (MacKENZIE, J., *dissenting).* For example, operation of a mental hospital is a governmental function but operation of a general hospital is not. Compare *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978), with *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978). Yet undoubtedly many of the same activities are involved in the operation of both types of hospitals. Driving a car is not inherently a governmental function, but in *Trommater v Michigan,* 112 Mich App 459; 316

NW2d 459 (1982), the car was being driven in the discharge of the governmental function of implementing the Social Welfare Act, and immunity therefore applied. Conducting a swimming outing is not inherently a governmental function, but in *Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982), the swimming outing was being conducted in the discharge of the governmental function of providing an effective program of out-of-home care for delinquent or neglected children placed in the custody of the Department of Social Services, and immunity therefore applied.

In the present case, defendant was operating a sledding hill as part of a free public park. Unfortunately, the Supreme Court has not yet been able to agree on a single standard for determining when an activity by a government agency is in the exercise or discharge of a governmental function; instead, three theories have emerged which were surveyed by the Supreme Court in *Ross v Consumers Power Co,* 415 Mich 1; 327 NW2d 293 (1982). Nevertheless, two decisions of this Court involving a similar factual setting provide guidance. In *Daugherty v Michigan,* 91 Mich App 658; 283 NW2d 825 (1979), and, more recently, in *Feliciano v Dep't of Natural Resources,* 97 Mich App 101; 293 NW2d 732 (1980), we found that the state's operation of a public swimming area was not protected by governmental immunity. We likewise conclude in the present case that defendant's operation of a free public sledding hill was not an activity entitled to governmental immunity, and therefore the trial court properly denied defendant's motion for summary judgment. However, we do not rule out the possibility that in another context a governmental agency might be found to be engaged in the exercise or discharge of a gov-

ernmental function when it operates a sledding hill.

Defendant's remaining contention on appeal is that the jury's verdict finding defendant 15% negligent was against the great weight of the evidence. Only where a party moves for a new trial before the trial court on the ground that the verdict is against the great weight of the evidence is this issue preserved for appellate review. *Armstrong v Woodland Mutual Fire Ins Co,* 342 Mich 666, 671-672; 70 NW2d 786 (1955); *Murphy v Sobel,* 66 Mich App 122, 127; 238 NW2d 547 (1975); *Walls v Transamerican Freight Lines,* 37 Mich App 307, 309; 194 NW2d 422 (1971). Defendant failed to make such a motion, and consequently we decline to review this claim.

Affirmed. Plaintiff may tax costs.

C. W. SIMON, J., concurred.

R. M. MAHER, J., concurred in the result only.