FELICIANO v DEPARTMENT OF NATURAL RESOURCES

Docket No. 84822. Submitted June 4, 1986, at Lansing. Decided March 16, 1987.

Following the drowning death of Elizabeth Feliciano at a beach in the Silver Lake State Park, Carmen Feliciano, as administratrix of the decedent's estate, brought an action in the Court of Claims alleging negligence against the Department of Natural Resources and three individuals who served as lifeguards. The trial court granted summary judgment in favor of defendants, ruling that plaintiff had failed to state a claim upon which relief could be granted by failing to set forth a factual basis constituting a recognized exception to governmental immunity from tort liability. On appeal, the Court of Appeals reversed and remanded, holding that the operation and supervision of a swimming and bathing area by the state is not a governmental function to which the defense of immunity applied. 97 Mich App 101 (1980). On remand, the individual defendants were dismissed from the suit and the trial court, Carolyn Stell, J., allowed the DNR to amend its answer to raise the recreational use act as an affirmative defense, but did not allow plaintiff to amend her complaint to allege gross negligence. The trial court subsequently granted the DNR's motion for summary judgment, ruling that plaintiff's complaint failed to allege sufficient facts to establish gross negligence in avoidance of the statutory restriction of suits brought by recreational users. Plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in granting summary judgment without providing plaintiff an opportunity to amend her complaint to add allegations of gross negligence. Undue prejudice to defendant would not result from allowing plaintiff to amend her

REFERENCES

Am Jur 2d, Pleading §§ 306 *et seq.*

What constitutes "prejudice" to party who objects to evidence outside issues made by pleadings so as to preclude amendment of pleadings under Rule 15(b) of Federal Rules of Civil Procedure. 20 ALR Fed 448.

complaint. The trial court should have allowed, and upon remand shall allow, plaintiff to amend her complaint.

Reversed and remanded.

M. J. KELLY, P.J., concurred. He wrote separately to state that he now agrees with decisions of the Court of Appeals in this case and in prior cases holding that the recreational use act applies to state-owned lands and that payment of the state park motor vehicle entry fee does not constitute sufficient consideration under the recreational use act to deprive state parks of the immunity otherwise granted under that act.

1. PLEADING — AMENDMENT OF PLEADINGS — COURT RULES.

  A motion to amend pleadings ordinarily should be granted, and denied only for particularized reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment; the leave sought should, as the rule requires, be "freely given" (MCR 2.118, formerly GCR 1963, 118.1).

2. PLEADING — AMENDMENT OF PLEADINGS — PREJUDICE — COURT RULES.

  The possible impact of allowance of an amendment to pleadings on the outcome of a case is not the kind of prejudice contemplated in the court rule providing for amendments to pleadings; the word "prejudice" refers to matters which would prevent a party from having a fair trial, or matters which he could not properly contest, e.g., when surprised; the possible prejudice must stem from the fact that the new allegations are offered late rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the amendment is allowed (MCR 2.118, formerly GCR 1963 118.1).

*James F. Finn* and *Thomas A. Ricca,* of Counsel, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Wallace T. Hart,* Assistant Attorney General, for defendant.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Court of Claims granting the motion of defendant State of Michigan, Department of Natural Resources for summary judgment on the ground that plaintiff's complaint failed to alleged sufficient facts to show gross negligence for a viable cause of action under the recreational use statute, MCL 300.201; MSA 13.1485. We reverse the trial court's grant of summary judgment in defendant's favor and remand to allow plaintiff to amend her complaint to allege gross negligence.

On July 19, 1978, fifteen-year-old Elizabeth Feliciano drowned while on a field trip with an arts and crafts group at Silver Lake State Park. Decedent's mother filed this wrongful death action on December 1, 1978, alleging that decedent drowned as a direct and proximate result of the negligence of the defendants, the DNR and the three individual lifeguards who were working at the beach when the drowning occurred. On December 8, 1978, defendants filed a motion for summary judgment, alleging that plaintiff's complaint failed to set forth a factual basis constituting a recognized exception to defendants' immunity from tort liability. Defendants' motion was subsequently granted by the Court of Claims. This Court reversed in *Feliciano v Dep't of Natural Resources,* 97 Mich App 101; 293 NW2d 732 (1980), on the basis that operation of a swimming and bathing area was not a governmental function to which the defense of immunity applied. The case was remanded to the Court of Claims for trial. Thereafter, the individ-

* Circuit judge, sitting on the Court of Appeals by assignment.

ual defendants were dismissed from the proceedings.

On June 22, 1984, defendant DNR was granted leave to amend its answer to include as an affirmative defense the recreational use statute. On March 6, 1985, defendant filed a motion for summary judgment contending that plaintiff's claim was barred by both the recreational use statute and the doctrine of governmental immunity as outlined in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). The Court of Claims denied the motion with respect to the governmental immunity defense on the basis that this Court's holding in the earlier *Feliciano* decision constituted the law of the case. The court granted the motion with respect to the recreational use statute defense on the basis that plaintiff's complaint failed to allege sufficient facts to establish gross negligence.

On appeal plaintiff contends that the trial court erred in granting defendant summary judgment without providing plaintiff an opportunity to amend her complaint to add allegations of gross negligence. When a party seeks leave of the court to amend a pleading, leave shall be freely given when justice so requires. MCR 2.118(A)(2). When deciding a motion for summary judgment or summary disposition which alleges failure to state a valid claim or defense or that no genuine issue as to any material fact exists, the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified. MCR 2.116(I)(5). Entry of a grant of summary judgment does not preclude amendment of the complaint. See *Midura v Lincoln Consolidated Schools*, 111 Mich App 558, 561; 314 NW2d 691 (1981). Pursuant to MCR 7.216(A)(1) this Court

and the Supreme Court may also grant leave to amend.

MCR 2.118 and its predecessor GCR 1963, 118.1 were designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). The Court in *Fyke & Sons* held that denial of leave to amend is justified only "for particularized reasons":

> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'. *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962)." [*Fyke & Sons, supra,* p 656.]

"Prejudice" refers to matters which would prevent a party from having a fair trial, or matters which a party could not properly contest, e.g., when surprised. It does not refer to the effect on the result of the trial otherwise. *Fyke &. Sons, supra,* p 657. The question of prejudice is presented by the *time* at which the amendment is offered rather than by the substance of what is offered. *Id.,* pp 657-658. The possible prejudice must stem from the fact that the new allegations are offered late rather than in the original pleadings and not from the fact that the opponent may lose his case on the merits if the amendment is allowed. *Id.,* p 658.

Here defendant was allowed to amend its answer, 2½ years after commencement of the action, to include the recreational use statute as an affir-

mative defense and thereafter brought a motion
for summary judgment on that basis. In her brief
in response to defendant's motion and at the mo-
tion hearing, plaintiff requested that she be al-
lowed to amend her complaint to allege gross
negligence. Under MCR 2.116(I)(5) plaintiff should
have been allowed to so amend. Undue prejudice
to defendant by virtue of the amendment would
not occur. Defendant was allowed to amend its
answer to include the act as a defense and should
not have been surprised by plaintiff's desire to
amend her complaint to accommodate defendant's
theory. Hence plaintiff should have been granted
leave to amend. In view of our disposition of this
issue, we need not review plaintiff's alternative
claims of error.

Reversed and remanded to allow plaintiff to
amend her complaint.

M. J. KELLY, P.J. *(concurring).* I concur. I write
separately because of my partially concurring and
dissenting opinion in *Veeneman v Michigan,* 143
Mich App 694, 702-703; 373 NW2d 193 (1985), lv
gtd 424 Mich 876 (1986), which has no precedential
value given the Supreme Court's order granting
leave to appeal. See *People v Phillips,* 416 Mich
63, 74-75; 330 NW2d 366 (1982).

In *Veeneman,* I reserved judgment on whether
the recreational use act applies to state-owned
lands. I now agree that it does. *McNeal v Dep't of
Natural Resources,* 140 Mich App 625; 364 NW2d
768 (1985), *Veeneman v Michigan, supra,* and
*Schiller v Muskegon State Park,* 153 Mich App
472; 395 NW2d 75 (1986).

In *Veeneman,* I also joined with the majority in
concluding that the recreational use statute does
not provide immunity from ordinary negligence
where a state park charges annual and daily

motor vehicle fees. We were off the mark. Following the decision in *Veeneman,* however, another panel of this Court considered the same question and arrived at a different conclusion. See *Schiller v Muskegon State Park, supra.* I now agree with the position taken in *Schiller* and by the majority in the instant case and conclude that payment of the state park motor vehicle entry fee does not constitute sufficient consideration under the recreational use statute to deprive state parks of the immunity otherwise guaranteed under that act.