BEAUMONT v BROWN

Docket No. 52713. Submitted January 7, 1983, at Detroit.—Decided May 4, 1983. Leave to appeal applied for.

Robert A. Beaumont brought an action for damages for invasion of privacy against Barry C. Brown and Arthur J. Zink, Jr. The allegations were based upon remarks contained in a letter written by defendant Zink, the personnel director of plaintiff's employer, in regard to plaintiff's employment. Judgment was entered on a jury verdict of no cause of action, Ingham Circuit Court, James R. Giddings, J. Plaintiff appeals. *Held:*

1. A jury question on whether the disclosed facts were private, embarrassing ones precluded a directed verdict. The trial court properly denied plaintiff's motion for a directed verdict.

2. Plaintiff's allegation of error in the jury instructions is not properly before the Court of Appeals, as plaintiff has failed to point out the alleged instruction to which he objects.

3. The trial court did not err in allowing testimony regarding the motivations of defendants in making the statements complained of.

4. Plaintiff's other claims are without merit or are not properly before the Court.

Affirmed.

1. PRIVACY — PUBLIC DISCLOSURE — DIRECTED VERDICT.

A directed verdict in favor of the plaintiff is precluded in an action for invasion of privacy based upon the public disclosure of private facts where a jury question exists as to whether the facts disclosed were private, embarrassing ones.

2. APPEAL — JURY INSTRUCTIONS — PRESENTING ISSUE.

An issue regarding jury instructions is not properly presented for review where the appellant has not quoted or cited the alleged

REFERENCES FOR POINTS IN HEADNOTES
[1] 62 Am Jur 2d, Privacy § 13.
   75 Am Jur 2d, Trial §§ 463, 467, 521.
[2] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[3] 5 Am Jur 2d, Appeal and Error §§ 692-696.

jury instruction to which he objects; the Court of Appeals will not speculate on which instructions the appellant finds objectionable.

3. APPEAL — QUESTIONS CONSIDERED ON APPEAL.

Ordinarily no point will be considered by the Court of Appeals which is not set forth in or necessarily suggested by the parties' statement of questions involved as set forth in their briefs (GCR 1963, 813.1).

*William L. Mackay,* for plaintiff.

*Farhat, Burns, Story & Stafford, P.C.* (by *Vittorio E. Porco* and *Richard C. Kraus),* for defendants.

Before: DANHOF, C.J., and BRONSON and WAHLS, JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of no cause of action on his complaint for damages caused by an alleged invasion of privacy. We affirm.

Plaintiff's complaint was filed in 1973. Defendants' motions for summary judgment were denied. The denial was appealed to this Court, which reversed in *Beaumont v Brown,* 65 Mich App 455; 237 NW2d 501 (1975). This Court held that summary judgment should have been granted on the issues of publication (or disclosure) and whether or not the disclosed facts were "private" ones. The Supreme Court reversed, holding that summary judgment on these issues was improper. 401 Mich 80; 257 NW2d 522 (1977). The case was remanded to this Court to consider the remaining issues in defendants' motion for summary judgment. In an unpublished opinion, this Court affirmed the original denial of defendants' motions for failure to raise the specific claims below (Docket No. 77-4976, decided June 13, 1978). This appeal follows a 19-day jury trial which resulted in a verdict of no

cause of action. The facts which gave rise to plaintiff's claim are aptly described in the Supreme Court's opinion, *supra.*

We agree with defendants that most of plaintiff's claims of error result from a misunderstanding of the prior opinions of this Court and the Supreme Court. Plaintiff claims, in essence, that the Supreme Court made findings of fact in its opinion which bound the jury in the subsequent trial. The Supreme Court's discussion, however, was limited to two issues. The Court decided that summary judgment, GCR 1963, 117.2(3), was inappropriate on the question of public disclosure. It also stated, in response to this Court's opinion, that certain facts could be found by a jury to be "private". It did not make any findings of fact and did not rule, as a matter of law, in plaintiff's favor on any element of the claimed tort.

We begin by rejecting plaintiff's claim that his motions for a directed verdict and judgment notwithstanding the verdict should have been granted. At the very least, a jury question on whether the disclosed facts were private, embarrassing ones precluded a verdict from being directed.

Plaintiff claims that the trial judge incorrectly held that defendant Brown had a qualified privilege and instructed the jury thereon. Plaintiff has not properly presented this issue for our review, because he has failed to quote, or cite, the alleged instruction to which he objects. Clearly, defendant Brown was entitled to the protection of a privilege qualified to fit the occasion. See 3 Restatement Torts, 2d, §§ 593, 594, 652G, pp 261, 263, 401. We decline, however, to speculate on which instructions plaintiff finds objectionable. Any error in the instructions regarding defendant Brown was al-

most certainly harmless, since the jury found that defendant Zink was not liable, despite the holding that defendant Zink had no conditional privilege. Plaintiff argues that the denial of his motion for a new trial, based on a charge that the jury's verdict was contrary to the great weight of the evidence, was an abuse of discretion. We find no abuse of discretion; the jury could easily have found for defendants based on the evidence.

Plaintiff objects to several statements made by defense counsel in closing argument. Although we find one statement *(re* subjects taught in law school) improper, plaintiff's objection to it was sustained. We find no error.

Finally, plaintiff makes numerous objections to the trial court's rulings on evidentiary matters. We have reviewed the record at length and find little merit in these objections. Defendants' motivations were relevant, because the key issue in the case was whether defendants' actions furthered a legitimate purpose. Plaintiff could not preclude the jury from considering defendants' state of knowledge in assessing his claim. Reasonableness is especially important in assessing a claim of qualified privilege. Although the trial judge ultimately ruled (incorrectly, we think) that defendant Zink had no qualified privilege, the testimony concerning the reasons for defendant Brown's actions was relevant to his claim of qualified privilege. The circumstances surrounding the letter were also relevant to the questions of injury and public disclosure.

The many remaining claims are without merit, concern errors which were clearly harmless or cannot be reviewed for failure to advance them specifically at trial. To the extent that any claims of error made in appellant's brief are not ad-

dressed here, we accept no blame. The attention of the parties is directed to the last sentence of GCR 1963, 813.1, which states, "[o]rdinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved".

Affirmed. Costs to appellees.