WILLIAMS v CITY OF CADILLAC

Docket No. 80998. Submitted October 1, 1985, at Grand Rapids.—
Decided December 26, 1985.

Phillip L. Williams, individually and as personal representative
of the estate of Mary Jo Williams, deceased, and Patricia
Williams brought a consolidated action for damages against the
City of Cadillac, the County of Wexford and the State of
Michigan Department of Natural Resources (DNR), alleging
that the deceased died as a result of falling through the ice on
Lake Cadillac while snowmobiling, that each of the defendants
was a riparian landowner of the bottom lands of Lake Cadillac
and had authority to exercise control over the use of Lake
Cadillac, and that each defendant had engaged in acts of
negligence, gross negligence or willful and wanton misconduct,
nuisance or nuisance in fact which resulted in the deceased's
death. Defendant DNR and defendant county moved for sum-
mary judgment. The trial court, William R. Peterson, J., sitting
as the Court of Claims, granted defendant DNR's motion for
summary judgment and, sitting as the Wexford Circuit Court,
granted defendant county's motion for summary judgment.
Defendant city then brought a similar motion for summary
judgment, which was granted by Judge Peterson, sitting as the
Wexford Circuit Court. Plaintiffs appealed only from the order
of summary judgment entered in favor of defendant city. *Held:*

1. While plaintiffs appealed only from the order of summary
judgment enterered in favor of the city, the Court of Appeals
treated the appeal as one in which leave to appeal had been

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*
Am Jur 2d, Municipal, School, and State Tort Liability §§ 27 *et seq.*
Am Jur 2d, Negligence §§ 101 *et seq.*
Am Jur 2d, Nuisances § 55.
Am Jur 2d, Pleading §§ 230 *et seq.*
Modern status of rule excusing governmental unit from tort liabil-
ity on theory that only general, not particular, duty was owed
under circumstances. 38 ALR4th 1194.
Right to voluntary dismissal of civil action as affected by opponent's
motion for summary judgment, judgment on the pleadings, or
directed verdict. 36 ALR3d 1113.

granted as to the county and state and thus involving all three defendants.

2. Plaintiffs' claim that summary judgment on the basis of governmental immunity was not proper because there existed a question as to whether the defendants had been engaged in a proprietary function fails, since plaintiffs had the burden of pleading facts which establish a proprietary function and failed to do so. The mere allegation that the acts of the defendants were proprietary in nature was not sufficient to carry plaintiffs' burden of proof.

3. The record fails to support plaintiffs' assertion that their inadequate pleadings were the result of a lack of opportunity to proceed with discovery.

4. Even if plaintiffs have pleaded facts sufficient to establish a nuisance in fact which would not be subject to the defense of governmental immunity, those same pleaded facts establish that plaintiffs' requested relief would be barred by the provisions of the recreational land user act.

5. Plaintiffs failed to plead acts which constitute willful and wanton misconduct.

Affirmed.

1. APPEAL — QUESTIONS CONSIDERED ON APPEAL.
   Ordinarily no point will be considered by the Court of Appeals which is not set forth in or necessarily suggested by the parties' statement of questions involved as set forth in their briefs (GCR 1963, 813.1).

2. PRETRIAL PROCEDURE — SUMMARY JUDGMENT.
   A motion for summary judgment for failure to state a claim upon which relief can be granted seeks to test the genuineness of a claim or defense by challenging the legal adequacy of the pleadings; the standard to be applied in considering such motions is whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery (GCR 1963, 117.2[1]).

3. GOVERNMENTAL IMMUNITY — PROPRIETARY FUNCTION — TORTS — PLEADINGS.
   Governmental immunity does not apply to actions in tort for injuries arising out of the performance of a proprietary function by a governmental agency; in order to state an actionable claim against a governmental agency which would otherwise be subject to the defense of governmental immunity, the party must plead facts in his or her complaint in avoidance of

governmental immunity by alleging facts which demonstrate that the activity of the government was in the exercise of a proprietary function; a mere conclusory allegation of a proprietary function is not sufficient (MCL 691.1413; MSA 3.996[113]).

4. NUISANCE — RECREATIONAL USE.

An action for damages against a governmental agency based upon an allegation that the governmental agency has failed to properly maintain land which it owned and used for recreational purposes would be controlled by the provisions of the recreational land user act; recovery on such a claim would be barred by that act absent allegations of willful and wanton misconduct (MCL 300.201; MSA 13.1485).

5. APPEAL — PRESERVING QUESTION.

A party may not simply assert an error and leave it to the Court of Appeals to discover and explain the basis for the claim.

6. NEGLIGENCE — WILLFUL AND WANTON MISCONDUCT.

The elements of willful and wanton misconduct are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (MCL 300.201; MSA 13.1485).

7. NEGLIGENCE — WILLFUL AND WANTON MISCONDUCT.

Willful and wanton misconduct is distinguished from ordinary negligence by an intent to harm or by an indifference of a defendant in the presence of the probability of harm which is tantamount to a willingness that the harm occur.

*Robb, Dettmer, Messing & Thompson, P.C.* (by *Michael H. Dettmer),* for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for Wexford County.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Theodore E. Hughes,* Assistant Attorney General, for the Department of Natural Resources.

*Menmuir, Zimmerman, Rollert & Kuhn* (by *Charles H. Menmuir),* for the City of Cadillac.

Before: DANHOF, C.J., and MACKENZIE and J. L. BANKS,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of summary judgment granted by the Wexford County Circuit Court.

On February 4, 1983, Mary Jo Williams fell into the open waters of Lake Cadillac while snowmobiling and later died. This wrongful death action followed. Plaintiffs' consolidated complaint alleged liability under theories of negligence, gross negligence or willful and wanton misconduct, nuisance, and nuisance in fact.

On August 24, 1984, the trial court issued an opinion granting summary judgment on all counts, without specifying the basis of summary judgment, in favor of defendant Department of Natural Resources and defendant County of Wexford. On August 28, 1984, an order of summary judgment was entered for defendant county. On September 17, 1984, an order of summary judgment was entered for defendant DNR. After defendant City of Cadillac filed a similar motion, the trial court granted summary judgment in favor of the city for the same reasons as those stated in its August 24, 1984, written opinion. On September 24, 1984, that order of summary judgment was entered.

At the outset we note that plaintiffs have not clearly presented the issues for review. Plaintiffs only appeal from the order of summary judgment entered in favor of defendant city and not from the orders of summary judgment entered in favor of the other defendants. Yet, the "Statement of Questions Involved" presented in plaintiffs' brief

---

* Circuit judge, sitting on the Court of Appeals by assignment.

refers only to defendant DNR, and not to the other defendants. Further, plaintiffs repeatedly refer to "defendants", in the plural, throughout the body of their brief.

GCR 1963, 813.1, now MCR 1985, 7.212(C), requires an appellant to state the questions involved in an appeal under the heading "Statement of Questions Involved". GCR 1963, 813.1 further provides: "Ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved". This section "is a matter of real importance, since it governs the scope of issues which will be reviewed by the appellate court". 6 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 163. Thus, if this Court does not address every claim of error that plaintiff has raised, responsibility for the omission rests with plaintiff and not this Court. *Beaumont v Brown,* 125 Mich App 464, 467-468; 336 NW2d 26 (1983). We treat the appeal as one by leave granted to the extent that we decide the issues with reference to all of the defendants.

Although the basis for granting summary judgment was not specified in the lower court's opinion or orders, we note that defendant DNR filed its motion under GCR 1963, 117.2(1), and review the orders accordingly. Summary judgment under this subsection tests the legal sufficiency of the pleadings, with all well-pleaded facts accepted as true. Summary judgment is warranted only if a claim is so clearly unenforceable as a matter of law that no factual development could justify a right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323; 343 NW2d 164 (1984), *reh den* 419 Mich 1201 (1984), *cert den* — US —; 105 S Ct 123; 83 L Ed 2d 65 (1984).

Plaintiffs first claim that the trial court erred by holding that governmental immunity shields de-

fendant DNR because the determination of "proprietary function" is a factual and not a legal question. At the conclusion of its written opinion, after reviewing the pleadings and deciding that no actionable claim existed, the trial court briefly considered the issue of governmental immunity, noting that "nothing in the complaint describes their [defendants'] role regarding Lake Cadillac as proprietary in nature".

Governmental immunity does not apply to actions in tort for injuries arising out of the performance of a proprietary function by a governmental agency, and therefore tort liability attaches where the injury results from a proprietary function. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 591; 363 NW2d 641 (1984). A proprietary function is defined by statute as "any activity which is conducted primarily for the purpose of producing a pecuniary profit for the state, excluding, however, any activity normally supported by taxes or fees". MCL 691.1413; MSA 3.996(113). In order to state an actionable claim against a governmental agency, a party must plead *facts* in the complaint in avoidance of immunity, *e.g.,* facts which demonstrate that the activity alleged was pursuant to the exercise of a proprietary function. *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976). In this case plaintiffs have merely alleged, in conclusory form, that the functions of each defendant of "ownership, supervision, monitoring and controlling" activities at the accident site are "proprietary in nature". Plaintiffs plead no facts to demonstrate that any of these activities were conducted for the primary purpose of producing a monetary profit.

Plaintiffs contend that a lack of discovery is the reason for the inadequate pleadings. We reject the argument. Shortly after this lawsuit commenced,

plaintiffs had notice of the governmental immunity defense, an affirmative defense raised by the answers of defendant city and defendant county. Plaintiffs conducted discovery prior to defendants' successful motions and apparently overlooked this point.

Plaintiffs next argue that the trial court erred by granting summary judgment on their claim of nuisance in fact. Plaintiffs do not clearly explain how the trial court erred. Plaintiffs simply argue that the pleadings adequately allege an intentional nuisance, a judicially created exception to governmental immunity, which requires factual resolution. The trial court disposed of both nuisance claims by reference to the recreational land user act, MCL 300.201; MSA 13.1485, and *Burnett v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982). Plaintiffs do not challenge the trial court's application of that act to the intentional nuisance claim. We see no reason to consider the viability of plaintiffs' nuisance claim under the judicially created exception to governmental immunity, because the claim would be barred in any event by the recreational land user act, assuming defendants "own" the "lands".

Issue II of plaintiffs' "Statement of Questions Involved" refers to the trial court's error in granting summary judgment on Count III (nuisance). However, plaintiffs do not subsequently brief or discuss the issue. A party may not simply assert an error and then leave it to this Court to discover and explain the basis for his claim. *Hull & Smith Horse Van, Inc v Carras,* 144 Mich App 712; 376 NW2d 392 (1985). Thus, we do not consider the issue.

Finally, plaintiffs contend that summary judgment was improperly granted because a claim of willful and wanton misconduct was adequately

pleaded under Count II. According to plaintiffs, it is not necessary to allege an "affirmatively reckless act" as described in *Thone v Nicholson,* 84 Mich App 538; 269 NW2d 665 (1978).

The test for willful and wanton misconduct is set out in *Gibbard v Cursan,* 225 Mich 311, 322; 196 NW 398 (1923), and requires:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

Although the Supreme Court criticized the language of this test in *Burnett v City of Adrian, supra,* the Court declined to reformulate the test, leaving the above as the applicable law. The Court noted that willfull and wanton misconduct "is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does". 414 Mich 455. The Court noted that willful and wanton misconduct is not a high degree of carelessness. *Id.* The Court further explained:

"It is in that concept—the notion that in the circumstances of a given case the injury is probable, or to be expected, or likely—that is found the requisite indifference to harm tantamount to a willingness that it occur, if not a specific intent that it does, which distinquishes willful and wanton misconduct from ordinary negligence." 414 Mich 456.

In *Burnett,* the Court described as barely sufficient a claim of willful and wanton misconduct

based on the Burnetts' allegations that the City of Adrian knew of a submerged building at the bottom of a lake which had been created by the city, that the city knew or had reason to know of the potential harm created for swimmers and yet failed to avoid the danger by destroying the structure, posting warnings or the like, and that the decedent drowned after walking off the edge of the submerged structure and being swept away by an undertow, an unnatural current, created by the structure's existence.

It has been held that a claim of willful and wanton misconduct is not stated where a plaintiff, injured after diving into the shallow water along the shoreline of a private lake, alleged that the defendant failed to provide warnings, buoys, and lifeguards. *Yahrling v Belle Lake Association, Inc,* 145 Mich App 620; 378 NW2d 772 (1985). Such a claim was also rejected in *Matthews v Detroit,* 141 Mich App 712, 717-719; 367 NW2d 440 (1985), where the plaintiff's decedent drowned in the water surrounding the Scott Fountain on Belle Isle. The plaintiff alleged that the city knew or had reason to know of the potential harm created by the waters of the lagoon since it knew that other persons had previously slipped or fallen there. The plaintiff further alleged that the defendant failed or refused to avoid the danger by erecting barriers or posting warnings. A claim of willful and wanton misconduct was also rejected in *McNeal v Dep't of Natural Resources,* 140 Mich App 625; 364 NW2d 768 (1985), a case in which the plaintiff was injured as a passenger in an of-the-road vehicle being driven in the sand dune area of Silver Lake State Park. The *McNeal* Court did not describe with specificity the plaintiff's facts which purportedly alleged willful and wanton misconduct.

In our view the present case warrants the same result as that reached in *Yahrling, Matthews,* and *McNeal.* The risk of drowning or of falling into the open water of Lake Cadillac was not compounded by an artificial condition or a submerged or hidden defect, unlike in *Burnett.* Instead, the dangerous condition was created by nature, as in *McNeal.* The trial court properly noted that no allegation was made that defendant DNR created either the canal or the dangerous condition. Thus, plaintiffs' complaint fails to allege facts which would support a claim of willful and wanton misconduct. A conclusion that the injury to Mary Jo Williams was so probable, expected or likely that defendant DNR's failure to erect barricades or to post warnings evidenced an indifference to harm tantamount to a willingness that it occur cannot be drawn from the complaint.

Affirmed.