SCHILLER v MUSKEGON STATE PARK

Docket No. 86882. Submitted May 22, 1986, at Lansing. Decided July
21, 1996. Leave to appeal applied for.

Patrick Schiller slipped and fell while unloading his boat from a
trailer at a boat launch in the Muskegon State Park. He and
Judy Schiller filed a claim in the Court of Claims against the
state park, alleging negligence in the maintenance of the boat
launch. The court, James T. Kallman, J., granted defendant's
motion for summary disposition, based on governmental immu-
nity and the recreational use act. Plaintiffs appealed. *Held:*

1. Plaintiffs did not provide valuable consideration for their
recreational use of the park by purchasing a state park vehicle
permit. The permit was an assessment only for plaintiffs' use of
the roads and parking lots of the park.

2. The recreational use act applies to state-owned lands and
to public invitees who use public recreational areas.

3. The recreational use act barred plaintiffs' claim. Accord-
ingly, the Court of Appeals did not have to decide the issue of
governmental immunity.

Affirmed.

1. NEGLIGENCE — REAL PROPERTY — OWNERS — RECREATIONAL USE
— CONSIDERATION — GROSS NEGLIGENCE — WILFUL AND WAN-
TON MISCONDUCT — STATUTES.

Owners of real property are not liable for injuries to recreational
users of their land who do not pay a valuable consideration for
such use unless such injuries are caused through the owner's
gross negligence or wilful and wanton misconduct (MCL
300.201; MSA 13.1485).

2. NEGLIGENCE — STATE PARKS — RECREATIONAL USE — CONSIDERA-
TION — STATUTES.

The purchase by an individual of a state park vehicle permit,

REFERENCES

Am Jur 2d, Negligence §§ 94-107.

Am Jur 2d, Parks, Squares, and Playgrounds §§ 38-51.

Effect of statute limiting landowner's liability for personal injury to
recreational user. 47 ALR4th 262.

See also the annotations in the ALR3d/4th Quick Index under
Negligence; Consideration.

which allows entry into a state park and is assessed as a fee for the use of the roads and parking lots of the state park, does not constitute a payment of valuable consideration for the recreational use of the state park; therefore, such individual, if he suffers injury at the state park not attributable to any gross negligence or wilful and wanton misconduct on the part of the state, cannot, under the provisions of the recreational use act, maintain an action against the state (MCL 300.201, 318.310; MSA 13.1485, 13.1053[10]).

3. NEGLIGENCE — STATE PARKS — RECREATIONAL USE.

The recreational use act applies to a public invitee who uses a state-owned park without paying a valuable consideration for such use (MCL 300.201; MSA 13.1485).

McCroskey, Feldman, Cochrane & Brock, P.C. (by *J. Walter Brock*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Theodore E. Hughes,* Assistant Attorney General, for defendant.

Before: SHEPHERD, P.J., and ALLEN and G. R. COOK,* JJ.

G. R. COOK, J. On November 28, 1984, plaintiffs filed a complaint in the Court of Claims, alleging negligence in the maintenance of a state park boat launch. On August 7, 1985, Judge James T. Kallman granted defendant's motion for summary disposition, pursuant to MCR 2.116(C)(7), based on governmental immunity and the recreational use act. Plaintiffs appeal as of right.

On June 16, 1984, plaintiff Patrick Schiller slipped and fell while unloading his boat from a trailer at a boat launch in the Muskegon State Park. The park is owned and operated by the Michigan Department of Natural Resources.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs alleged that, at the time Schiller fell, the boat dock was wet and slippery as a result of water washing over the dock; that defendant had a duty to exercise reasonable care to maintain the dock in reasonably safe condition and to warn invitees of any unreasonable conditions; that defendant knew or should have known that its dock was wet and slippery and involved an unreasonable risk of harm to persons using it; that defendant failed to inspect the dock and remedy hazards, failed to warn of hazards and failed to exercise due diligence; and that plaintiff Patrick Schiller injured his right knee in the fall.

Defendant moved for summary disposition, contending that a state-owned park qualified for governmental immunity and that the recreational use act protected the park from claims of ordinary negligence. A hearing on defendant's motion was held July 24, 1985. Judge Kallman granted summary disposition.

We are asked to decide whether plaintiffs' purchase of a state park vehicle permit constitutes payment of a valuable consideration so as to remove plaintiffs from any application of the recreational use act, and whether the act applies to a state park.

The recreational use act provides protection for landowners from gratuitous users of their property. The act provides:

> No cause of action shall arise for injuries to any person who is on the lands of another without paying to such other person a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use, with or without permission, against the owner, tenant, or lessee of said premises unless the injuries were caused by the gross negligence or wilful

and wanton misconduct of the owner, tenant, or lessee. [MCL 300.201; MSA 13.1485.]

Plaintiffs contend the act does not bar the instant suit because they paid for a park permit upon entering the park. Authorization for the setting and collecting of fees for entry into a state park is prescribed by statute, MCL 318.310; MSA 13.1053(10):

> (2) An annual park permit shall be issued and shall authorize the entry of the *motor vehicle* to which it is originally attached within the confines of any state park or recreation area during the calendar year in which issued. The fee for the annual park permit shall be $10.00 . . . .
> (3) A daily park permit, valid for 1 day only, shall be issued for a fee to be fixed by the commission, but in an amount not to exceed $2.00 for resident *motor vehicles* and $3.00 for nonresident motor vehicles. [Emphasis added.]

The statute further provides that the permit allows a motor vehicle into the park, but other fees may be assessed for other services or privileges:

> (5) This act shall apply only to the entry of motor vehicles into the state parks and to the park permits authorized in this act and shall not obviate the necessity of obtaining additional permits for special services or park privileges as previously or subsequently may be required by law or by rules promulgated by the commission.

The $2.00 fee applies only to motor vehicles; no fee is authorized for recreational users who walk, bicycle, or ride on horseback into the park. The park permit is a fee for the use of the roads and parking lots of the park and not valuable consideration for use of the park.

Plaintiffs also contend that the statute does not apply to recreational facilities which invite the general public to come onto the land. A panel of this Court has held the act applicable to state-owned land, *McNeal v Dep't of Natural Resources,* 140 Mich App 625; 364 NW2d 768 (1985). Further support for application of the act to state-owned parks comes from *Matthews v Detroit,* 141 Mich App 712, 717; 367 NW2d 440 (1985), lv den 422 Mich 978 (1985). In *Matthews,* a six-year-old child drowned in the water surrounding the fountain on Belle Isle. Plaintiffs sought to avoid the act by claiming it did not apply to invitees. *Matthews* held that the recreational use act applied to a public invitee who uses a public recreational area, *Id.,* p 717.

Lastly, defendant correctly argues that the plaintiffs have not alleged facts establishing gross negligence or wilful and wanton misconduct sufficient to avoid immunity. Plaintiffs do not argue on appeal that they have pled gross negligence or wilful and wanton misconduct. Thus, this is not an issue before this Court.

We hold the recreational use act bars the instant suit. Accordingly, we need not consider the question of governmental immunity.

Affirmed.